UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALLACE CLAYTON HAMMOND, | No. 2:23-cv-01128 DAD AC |
| Plaintiff, | |
| v. | ORDER |
| KEVIN JOSEPH PERRY, et al., | |
| Defendants. | |

     This case is before the undersigned for an initial status conference per referral by the District Judge assigned to the case. ECF No. 5. The case was filed on June 13, 2023. ECF No. 1. That same day, an order was issued ordering the plaintiff to complete service of process within 90 days of filing the complaint, and file a notice with the court demonstrating completion of service. ECF No. 3 at 2. Plaintiff did not timely file any certificate of service and defendants did not appear. On September 11, 2023, the undersigned issued an order setting a status conference for November 1, 2023 and directing the parties to file a status report by October 18, 2023. ECF No. 5. No status report was filed.

     On October 19, 2023, the undersigned issued an order continuing the status conference and ordering plaintiff to show cause why the case should not be dismissed for failure to prosecute. ECF No. 8. Plaintiff filed a status report on November 22, 2023, stating that plaintiff was still attempting service on defendants and requesting that the status conference be re-set for at least 90

days in the future so that plaintiff could complete service. ECF No. 9. The undersigned discharged the order to show cause and re-set the initial status conference to April 10, 2024. ECF No. 10, 11. Plaintiff submitted the required pre-conference report on March 22, 2024. ECF No. 12. However, rather than proposing a case schedule, plaintiff states in his report that defendants still have not been served and requests another 90-day continuance of the initial status conference. ECF No. 12.

Pursuant to the federal rules, a plaintiff must serve defendants within 90 days of filing suit. Fed. R. Civ. P. 4(m). The Rule states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The status report argues that there is good cause for an extension of time because plaintiff cannot locate the defendants, but is still attempting to do so. ECF No. 12 at 4.

Because this matter is before the magistrate judge only for an initial scheduling conference, the undersigned will not make a ruling on the service deadline. That is a matter for the district judge. The undersigned will, however, note for the record that it has been 294 days since the case was filed and none of the defendants have been served. Without making a finding or ruling regarding whether service could be properly completed at this point or whether good cause exists to extend the service deadline, the court will reset the initial scheduling conference one final time. If the re-set scheduling conference cannot proceed due to plaintiff's inability to serve defendants, the undersigned will return the matter to the district judge for appropriate action, which may include dismissal. Plaintiff need not await the scheduling conference to seek an extension of time for service from the district judge.

It is hereby ORDERED that the status conference currently set for April 10, 2024 is RESET to June 5, 2024 at 10:00 a.m. via Zoom. The parties' joint status report is due May 22, 2024. There will be no further extensions of time absent good cause, and failure of the parties to be prepared for the scheduling conference may result dismissal for failure to prosecute. Please

contact the Courtroom Deputy Jonathan Anderson by phone (916) 930-4199 or by email at janderson@caed.uscourts.gov one day prior to the scheduled hearing to receive the Zoom information.

DATED: April 2, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE