UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALLACE CLAYTON HAMMOND, | No. 2:23-cv-01128-DAD-AC |
| Plaintiff, | |
| v. | ORDER DISMISSING ACTION DUE TO PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE |
| KEVIN JOSEPH PERRY, et al., | |
| Defendants. | |

On June 26, 2024, the court issued an order directing plaintiff to show cause, in writing no later than July 3, 2024, "why this action should not be dismissed due to plaintiff's failure to prosecute and failure to comply with this court's orders." (Doc. No. 16.) Therein, plaintiff was "cautioned that his failure to timely file a response to this order to show cause will result in dismissal of this action." (*Id.*) Plaintiff's deadline to respond to that order has now passed, and plaintiff has not filed a response or otherwise communicated with the court.

In light of plaintiff's repeated failures to timely respond to orders of this court (*see* Doc. Nos. 5, 8, 13, 15, 16), it appears that he no longer wishes to prosecute this action but rather has abandoned the litigation.

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring

1

1 disposition on the merits; and (5) the availability of less drastic sanctions.  *Pagtalunan v. Galaza*,
2 291 F.3d 639, 642 (9th Cir. 2002); *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir.
3 1998).

4     Moreover, the Local Rules of this court state that the failure of a party to comply with the
5 any order of the court "may be grounds for imposition by the Court of any and all sanctions
6 authorized by statute or Rule or within the inherent power of the Court." L.R. 110.  A party's
7 failure to comply with applicable rules and law may be grounds for dismissal or any other
8 sanction appropriate under the Local Rules.  *Id.*; *see also Ghazali v. Moran*, 46 F.3d 52, 53–54
9 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,
10 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of
11 complaint), *as amended* (May 22, 1992).  "Despite this authority, dismissal is a harsh penalty and,
12 therefore, it should only be imposed in extreme circumstances."  *Ferdik*, 963 F.2d at 1260 (9th
13 Cir. 1992),

14     Here, the public interest in expeditious resolution of litigation, the court's need to manage
15 its docket, and the risk of prejudice to the defendants all support the imposition of the sanction of
16 dismissal here.  Only the public policy favoring disposition on the merits counsels against
17 dismissal.  However, plaintiff's failure to prosecute the action makes disposition on the merits an
18 impossibility.  Finally, with respect to availability of less drastic sanctions, the court has
19 considered alternative measures.  The issuance of yet another order to show cause would be futile
20 under the circumstances presented.

21     Accordingly, this action will be dismissed due to plaintiff's failure to prosecute and failure
22 to comply with the court's orders.

23     For the reasons set forth above,

24     1.    This action is dismissed due to plaintiff's failures to respond to the June 26, 2024
25         order to show cause (Doc. No. 16), prosecute this action, and obey court orders;
26         and

27 /////
28 /////

2

2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **July 8, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE